**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Hernandez,              ) | No. CV05-2853-PHX-DGC (JM) |
|                                ) | |
| Plaintiff,                     ) | **ORDER** |
|                                ) | |
| v.                             ) | |
|                                ) | |
| Dora Schriro, et al.,          ) | |
|                                ) | |
| Defendants.                    ) | |
|                                ) | |

Plaintiff has filed a motion for reconsideration. Dkt. #128. He asks the Court to reconsider its order granting Defendants' motions for summary judgment. *See* Dkt. #126. For the reasons stated below, the Court will deny Plaintiff's motion.

Motions for reconsideration are disfavored and are not the place for parties to make new arguments or to ask the Court to rethink its analysis. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988); *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998). Courts in this district have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence; (2) material factual events have occurred since the Court's initial decision; (3) there has been a material change in the law since the Court's initial decision; or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its

1 initial decision. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586
2 (D. Ariz. 2003).

3       Plaintiff has not satisfied these requirements.  His motion makes legal and factual
4 arguments that were made or could have been made in response to Defendants' motions for
5 summary judgment.

6       Citing dictum from *Wilkinson v. Austin*, 545 U.S. 209, 227 (2005), Plaintiff argues
7 that the Supreme Court found the debriefing process used by Defendants for removal of an
8 inmate from restrictive custody to be unconstitutional.  This is not correct.  The Supreme
9 Court in *Wilkinson* did not address the debriefing process, but instead upheld Ohio's
10 informal, non-adversary procedures for placement of inmates in restrictive custody. *Id.* at
11 229.  The dictum cited by Plaintiff – that prison gangs sometimes use violence against those
12 who inform on them – was noted by the Supreme Court as one of several reasons that states
13 have significant interests in controlling gangs through tools such as restrictive custody. *Id.*
14 at 227-28.

15       Plaintiff attaches a copy of Defendants' responses to Plaintiff's first set of
16 supplemental interrogatories and argues that they show Defendants' step-down process (the
17 process by which an inmate may be removed from restrictive custody) to be non-existent.
18 Dkt. #128, Ex. A.  But the interrogatory responses are dated August 7, 2007, and thus were
19 received by Plaintiff well before his October 4, 2007 response to Defendants' motion for
20 summary judgment.  *See* Dkt. #114.  The responses do not constitute newly discovered
21 evidence as required for reconsideration of the Court's previous order. *Motorola,* 215 F.R.D.
22 at 586.  Moreover, Plaintiff states in his motion that he will not agree to debrief (Dkt. #128
23 at 4), an admission that shows he could not avail himself of the step-down program in any
24 event.

25       Finally, Plaintiff argues that he was validated as a member of the Warrior Society
26 prison gang solely on the basis of tattoos and his admission that he practices his religion.  But
27 Plaintiff specifically stated in his deposition that this case was not contesting his initial
28 validation as a member of the Warrior Society.  Dkt. #111, ¶ 13, Ex. 1 at 8.  Moreover,

1  Plaintiff has presented no evidence to suggest that his initial validation was based solely on
2  tattoos and the practice of his religion.
3      **IT IS ORDERED** that Plaintiff's motion for reconsideration (Dkt. #128) is **denied**.
4      DATED this 20th day of February, 2008.

*David G. Campbell*
United States District Judge