# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Hernandez, | No. CV 05-2853-PHX-DGC (JM) |
| Plaintiff, | **ORDER** |
| v. | |
| Charles Ryan, et al., | |
| Defendants. | |

This case involves, among other issues, Plaintiff's placement in Special Management Unit II ("SMU II") in state prison. The Court granted summary judgment in favor of Defendants on claims alleging violations of procedural and substantive due process, violations of the Eighth Amendment based on conditions of confinement, and violations of the right to practice religion under the RLUIPA. Doc. 126. The Ninth Circuit reversed November 19, 2009, 357 Fed. Appx. 747, and the mandate issued December 14, 2009 (Doc. 137). On January 29, 2010, the Court directed the parties to simultaneously file memoranda as to how further factual development may be completed and any other issues arising from the Ninth Circuit's ruling. Doc. 138. The parties filed the memoranda on February 11 and 12, 2010. Docs. 139, 141. Having reviewed the memoranda, the Court will set a status conference to discuss how the case should proceed.

Noting that annual reviews of segregation decisions are insufficient, the Ninth Circuit found that "[w]hether the debriefing or step down programs are available and adequate alternatives to more frequent review raises legal and factual questions that cannot be

answered on the record as developed thus far." 357 Fed. Appx. at 748. The Ninth Circuit further found that being labeled a "prison snitch" could "raise safety concerns that implicate the Eighth Amendment." *Id.* The case was remanded for further factual development on those issues, and the Ninth Circuit declined to decide the conditions of confinement (lighting and exercise) and religious practices claims "because they become moot if Plaintiff is not properly retained in SMU II." *Id.*

Defendants propose summary judgment briefing on the availability and details of the debriefing and step down programs and the Eight Amendment claim relating to debriefing/snitching. Doc. 139. Plaintiff, through counsel, requests that the Court reopen discovery as to all issues raised on appeal: due process, Eighth Amendment, and RLUIPA claims. Doc. 141. Plaintiff states that after the close of discovery, the parties could conference with the Court and set a trial schedule. *Id.*

Given the disagreement as to how the case should proceed on remand, a status conference will be set for August 11, 2010 at 2:30 p.m.

**IT IS ORDERED** that a status conference is set for August 11, 2010 at 2:30 p.m.

DATED this 19th day of July, 2010.

_____
David G. Campbell
United States District Judge